762 F.2d 1011
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JACK H. ROGERS, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-1407
 United States Court of Appeals, Sixth Circuit.
 3/21/85
 
 Appeal from the United States District Court for the Western District of Michigan.
 Before: KENNEDY and WELLFORD, Circuit Judges; and WEICK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Rogers appeals from the District Court's judgment affirming the Secretary's denial of Social Security Disability Benefits. Appellant was born on July 18, 1932. He was employed as a machine operator from 1964-76, and thereafter as a heat treater operator with Superior Steel until that company ceased operations in July, 1978. Both positions involved heavy work as defined in 20 C.F.R. Sec. 404.1567(d). He collected unemployment from July until December 1978, during which time he attempted to secure employment at other industrial facilities but repeatedly was turned down because of an inability to pass the pre-employment physical. He filed his application for disability benefits in December 1978.
 
 
 2
 By hearing decision dated February 28, 1980, an ALJ found that Rogers did not have a severe impairment as required by 20 C.F.R. Sec. 404.1520(c), and hence was not disabled. On June 18, 1981, the District Court remanded to the Secretary for the purpose of evaluating appellant's condition under the remaining steps of the sequential analysis set forth in Sec. 404.1520. Following a supplemental hearing, by decision dated December 7, 1982, the ALJ found that Rogers retained the residual functional capacity (RFC) to perform light work and, applying the Medical-Vocational Guidelines (grids), 20 C.F.R. pt. 404, subpt. p, app. 2, found that they directed a finding of not disabled. This became the final decision of the Secretary which was affirmed by the District Court.
 
 
 3
 The ALJ's findings may not be overturned upon review unless they are unsupported by substantial evidence. Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). Rogers alleges that he is unable to work because of lower back pain, and various other ailments including duodenal ulcer, hypertension, cardiomegaly and eye problems. The ALJ found that the latter ailments either were unsupported by any medical evidence, or were being controlled by treatment or otherwise did not impair the appellant, and there is nothing in the record to the contrary. Moreover, the ALJ found that none of the medical evidence established that Rogers suffers from a severe back impairment by objective standards. Neither the consulting nor treating physicians were of the opinion that his condition was totally disabling. While it does appear that his condition has been deteriorating, his treating physician Dr. Allen stated as late as October 14, 1981, that 'very light duty (sedentary) work may be possible' (emphasis in original). Appellant contends, however, that the finding of the ALJ that despite his pain he is capable of doing any work on a sustained basis is unsupported by substantial evidence.
 
 
 4
 It is well established that pain alone may be of sufficient severity to be disabling. Kirk, 667 F.2d at 538. However, as we stated in Kirk, 'credibility, especially with alleged pain, is crucial to resolution of the claim.' Id. While the ALJ expressed the belief 'that the claimant does have some discomfort from his mild arthritic condition and lumbar sprain,' he concluded that 'the pain is not so constant, severe, and intractable as to be disabling.' In so concluding, he specifically noted that Rogers testified that he could walk one mile with several rest periods, did his own shopping and housework, and did not take any prescribed pain medications. The ALJ's finding that appellant's pain is not of disabling severity is supported by substantial evidence. Cf. Weaver v. Secretary, 722 F.2d 310, 312 (6th Cir. 1983) ('[T]he ALJ must cite some other evidence for denying a claim for pain in addition to personal observation.' (emphasis in original)).
 
 
 5
 The judgment of the District Court should be affirmed.